**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Antonette Wiggins, ) | Civil Action No. 2:19-02291-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| SSA Atlantic, LLC, f/k/a SSA Cooper, LLC; ) | |
| International Longshoreman's Association ) | |
| Local 1442; and International Longshoreman's ) | |
| Association Local 1771, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 63) recommending the Court grant Defendant International Longshoreman's Association Local 1771's ("Local 1771") motion to dismiss (Dkt. No. 53) and deny International Longshoremen's Association Local 1442's ("Local 1442") motion to dismiss (Dkt. No. 54). For the reasons set forth below, the Court adopts in whole the R & R as the Order of the Court.

**I.     Background**

On May 11, 2020, Plaintiff filed an amended complaint against Defendants Local 1422, Local 1771, and SSA Cooper, LLC ("SSA") alleging sex discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). (Dkt. No. 51).

Plaintiff alleges she works at the Wando Terminal in Mount Pleasant, South Carolina and is employed by SSA. (*Id.* ¶ 14) ("On May 5, 2018, June 8, 2018, and September 8, 2018, the Plaintiff was paid by, and thus employed by, Defendant SSA Cooper."). Plaintiff allegedly

1

"began working with [Local] 1422 in or around March 2016, and at all times was effective and efficient in her work." (*Id.* ¶ 13). Plaintiff alleges Cliff Inabinett was "employed through [Local] 1771." (*Id.* ¶ 16). Plaintiff alleges Inabinett harassed her on account of her sex. (*Id.* ¶¶ 19-20). Plaintiff continues:

> 21. Despite the Plaintiff reporting this harassment and discrimination to her header, Larry Nesmith, and submitting formal complaints to ILA1422, nothing was done and Plaintiff was forced to continue working with her harasser.
>
> 22. Once the Plaintiff made a formal complaint to ILA 1422, representatives from ILA 1422 notified ILA 1771.
>
> 23. Despite ILA 1771 being made aware of the harassment and discrimination, nothing was done to stop the harassment or to remove Plaintiff from the environment.
>
> 24. Further, after Plaintiff complained of the harassment and discrimination, a Port Grievance Committee, comprised of representatives from all defendants, met to discuss an investigation into the matter. It was specifically after this meeting that the retaliation against the Plaintiff escalated.
>
> . . .
>
> 27. In addition, as a result of Plaintiff's complaints of gender discrimination and harassment, she was retaliated against by multiple supervisors; and the discrimination, harassment, and retaliation became so severe that Plaintiff had to leave work on multiple occasions, while Mr. Inabinett remains employed with Defendants.

(*Id.* ¶¶ 21-24, 27).

On May 26, 2020, Local 1771 and Local 1422 filed respective motions to dismiss. (Dkt. Nos. 53, 54). On June 9, 2020, Plaintiff filed oppositions to both motions, (Dkt. Nos. 58, 59), to which, on June 16, 2020, Local 1422 filed a reply, (Dkt. No. 60).

On August 27, 2020, the Magistrate Judge filed an R & R recommending that the Court grant Local 1771's motion to dismiss but deny Local 1422's motion to dismiss. On September 10, 2020, both Plaintiff and Local 1422 filed timely objections to the R & R. (Dkt. Nos. 64 &

2

65). On September 24, 2020, Local 1771 filed a reply to Plaintiff's objections to the R & R. (Dkt. No. 67). On September 24, 2020, Plaintiff filed a reply to Local 1422's objections. (Dkt. No. 68). Local 1771 and Local 1422's motions are fully briefed and ripe for disposition.

## II.     Legal Standard

### a. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Both Plaintiff and Local 1422 filed objections to the R & R, and the R & R is reviewed *de novo*.

### b. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to

whether the §allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted).  On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*  Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### I.     Discussion

#### a.     The R & R Correctly Recommended Local 1771's Motion to Dismiss Be Granted.

After review of the record, the R & R, and Plaintiff's objections, the Court finds that the Magistrate Judge accurately determined that Local 1771's motion to dismiss for failure to state a claim should be granted in its entirety.  Plaintiff filed objections to the Magistrate Judge's recommendation that Local 1771 be dismissed from this action and the Court addresses Plaintiff's objections below.

Plaintiff objects that: "[T]he Magistrate's Report and Recommendation hinges on the notion that Plaintiff has merely alleged 'passive acquiescence' on the part of ILA 1771. As explained more thoroughly in Plaintiff's Response to Defendant ILA1771's Motion to Dismiss Plaintiff's Amended Complaint, the Plaintiff views ILA 1771's involvement as ratification or support, more so than 'passive acquiescence.'" (Dkt. No. 64 at 2). Plaintiff also objects that while "it is undisputed that Plaintiff was not employed by ILA 1771 . . . ILA 1771 may have been the employer of Plaintiff's harasser, Mr. Inabinett. If ILA 1771 does in fact turn out to be Mr. Inabinett's employer at any time relevant to the Complaint, he would have been acting as an agent of that union." (*Id.* at 3). In sum, Plaintiff objects that her amended complaint adequately alleges (1) Local 1771 "ratified" or "supported" Inabinett's actions against her and (2) the Magistrate Judge failed to address the possibility that Inabinett was an "agent" of Local 1771.

As to her discrimination and hostile work environment claims, the Magistrate Judge accurately noted that, despite having been previously granted leave to amend her complaint, Plaintiff nowhere "allege[s] any facts showing that she herself is a member of Local 1771, an applicant of the union, represented by the union for purposes of collective bargaining, or otherwise affiliated in any way with Local 1771." (Dkt. No. 61 at 9) (noting union affiliation is generally required to bring claims under § 2000e-2(c)) (citing *Johnson v. Int'l Longshoreman's Ass'n, Local 815 AFL-CIO*, 520 F. App'x 452, 453–54 (7th Cir. 2013) ("A union is liable under Title VII for discriminating against its *members* when performing union functions, such as job referrals, but it is not liable for an employer's actions.") (emphasis added)); *E.E.O.C. v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 661 (7th Cir. 2003) (rejecting "the EEOC's contention that unions have an affirmative duty to prevent racial harassment or other forms of unlawful discrimination in the workplace"). Relatedly, the Magistrate Judge correctly found

that, to the extent Local 1771 owed Plaintiff any type of duty, under an agency theory or otherwise, "Plaintiff has failed to allege facts showing that Local 1771 performed any affirmative act supporting discrimination or causing the employer to discriminate against Plaintiff. She does not allege that Local 1771 directed Mr. Inabinett, or anyone else, to harass or discriminate against her or that Mr. Inabinett was acting as an agent of Local 1771 when he allegedly engaged in this conduct." (*Id.* at 10); *Eliserio v. United Steelworkers of Am. Local 310*, 398 F.3d 1071, 1076–77 (8th Cir. 2005) (noting "a union may be held liable under Title VII if the [u]nion *itself* instigated or actively supported the discriminatory acts") (internal quotation marks omitted); *Cole v. Appalachian Power Co.*, No. 1:94-0517, 1995 WL 370400, at *3 (S.D.W. Va. May 19, 1995) (dismissing claim against union based on union's alleged failure to take preventive or remedial measures or to use its influence and efforts to prevent sex discrimination, where complaint contained no allegation that "the union directed, induced, authorized or ratified any acts of sexual harassment or that any of the alleged harassers acted under express or apparent authority as a union agent"). Finally, the Magistrate Judge correctly concluded that Plaintiff's retaliation claim against Local 1771 fails because the amended complaint contains no allegations demonstrating a legally recognized relationship with Local 1771. (Dkt. No. 63 at 12-13); *see* 42 U.S.C. § 2000e-3(a) (stating "[i]t shall be an unlawful employment practice for . . . a labor organization to discriminate against any *member thereof or applicant for membership* . . .") (emphasis added).

Considering the above, and per the Court's own *de novo* review of the amended complaint, the Court overrules Plaintiff's objections. As shown *supra*, the Magistrate Judge clearly considered whether Inabinett was Local 1771's "agent" and clearly considered the extent to which Local 1771 "supported" Inabinett's actions. The Magistrate Judge correctly found,

however, that the amended complaint is devoid of allegations supporting either contention, and did not, as a general matter, articulate a legally significant relationship under Title VII between Plaintiff and Local 1771. Thus, the Magistrate Judge correctly found that Local 1771's motion to dismiss should be granted in full and that Local 1771 should be dismissed from this action as a party defendant.

The Court therefore adopts in whole that portion of the R & R granting Local 1771's motion to dismiss. (Dkt. No. 63 at 7-13).

### b. The R & R Correctly Recommended Local 1422's Motion to Dismiss Be Denied.

After review of the record, the R & R, and Local 1422's objections, the Court finds that the Magistrate Judge accurately determined that Local 1422's motion to dismiss for failure to state a claim should be denied. The Court address Local 1422's objections below.

Local 1422 objects that the Magistrate Judge: (1) used the wrong legal standard in evaluating Local 1422's Rule 12(b)(6) motion; (2) erred in finding that, under *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404 (4th Cir. 2015), Plaintiff alleged plausibly that Local 1422 was her joint-employer; and (3) erred in finding that Plaintiff alleged plausibly a Title VII claim for retaliation. (Dkt. No. 65 at 3-9). The Court address Local 1422's first two objections jointly, and then turns to the third.

Local 1422 argues that the Magistrate Judge employed the wrong pleading standard to conclude that Local 1422 employed[1] Plaintiff. In finding that Plaintiff adequately alleged Local

---

[1] As noted before, Plaintiff brings three Title VII claims against Local 1422: (1) discrimination; (2) hostile work environment; and (3) retaliation. "An entity can be held liable in a Title VII action," however, "only if it is an 'employer' of the complainant." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015) (citing 42 U.S.C. § 2000e(b)). Therefore, as a threshold matter, and as Local 1422 correctly states in its motion to dismiss, to state any Title VII claim against Local 1422, the amended complaint must allege plausibly that Local 1422 is Plaintiff's employer.

1422 was her joint-employer under the multi-factor tested enunciated in *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408-10 (4th Cir. 2015) (recognizing in Title VII cases the joint-employer doctrine), the Magistrate Judge concluded:

> Therefore, while Local 1422 may be able to show at summary judgment that it is not Plaintiff's employer under Title VII, the undersigned does not find that Local 1422 is entitled to dismissal of Plaintiff's Title VII claims at this time. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) ("[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'" (citing *Harrison v. United Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)))

Local 1422 argues that because *Veney* tracks a pleading standard[2] overruled by *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the R & R's entire analysis is faulty. The Court disagrees.

While the proposition in *Veney* cited by the Magistrate Judge has occasionally been called into question,[3] Plaintiff's amended complaint contains sufficient factual allegations, taken as true, to show under *Iqbal* and *Twombly* that Local 1422 is her joint-employer. *Butler* "articulate[d] . . . [the] factors for courts in this Circuit to use in assessing whether an individual is jointly employed by two or more entities." Those factors concern:

---

[2] *Twombly* and *Iqbal* overruled the pleading standard enunciated in *Conley v. Gibson*, 355 U.S. 41 (1957), whereby "In ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should not grant the motion unless it appears to a certainty that the plaintiff can prove no facts in support of the claims which would entitle him to relief."

[3] In certain Title VII cases, courts facing Rule 12(b)(6) motions have declined to apply *Veney*. *See Nance v. Rowan-Salisbury Bd. of Educ.*, No. 1:17-CV-957, 2019 WL 1437212, at *2, n. 3 (M.D.N.C. Feb. 27, 2019) (noting *Veney v. Wyche* does not state the correct standard of review in Title VII matters because *Veney* was decided before *Twombly* and *Iqbal* and thus did not apply the new pleading standard they articulated); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (mentioning but not applying *Veney*). *But see El-Reedy v. Abacus Tech. Corp.*, 273 F. Supp. 3d 596, 607 (D.S.C. 2017) (decided post-*Twombly* and *Iqbal* and applying *Veney*).

8

> (1) [the putative employer's] authority to hire and fire the individual;
> (2) [the] day-to-day supervision of the individual, including employee discipline;
> (3) whether the putative employer furnishes the equipment used and the place of work;
> (4) [the] possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes;
> (5) the length of time during which the individual has worked for the putative employer;
> (6) whether the putative employer provides the individual with formal or informal training;
> (7) whether the individual's duties are akin to a regular employee's duties;
> (8) whether the individual is assigned solely to the putative employer; and
> (9) whether the individual and putative employer intended to enter into an employment relationship.

*Butler*, 793 F.3d at 414 (noting that while the first three factors are the "most important," "none of these factors are dispositive," and emphasizing "that the common-law element of control remains the 'principal guidepost' in the analysis").

Here, Plaintiff alleges not only that she "worked with" Local 1422, but that Local 1422 took it upon *itself* to notify Local 1771 of Plaintiff's formal complaint of Inabinett, indicating Local 1422 exercised "day-to-day supervision" over Plaintiff, including in matters related to "employee discipline." *Butler*, 793 F.3d at 414.  The fact Local 1422 participated in the "Port Grievance Committee . . . [which] met to" investigate Plaintiff's complaint bolsters this inference.  And collectively these facts arguably support the further inference that Local 1422 had the "authority to hire and fire" Plaintiff. *See* (Dkt. No. 51 ¶ 26) (noting that after the Port Grievance Committee convened Local 1422 "had an opportunity to investigate this matter . . .[but] instead of correcting the mistreatment . . . allowed it to proceed"); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d at 180 (in ruling on a Rule 12(b)(6) motion, the court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations").  The Court therefore overrules Local 1422's first two objections.

9

Lastly, Local 1422 objects that the Magistrate Judge wrongly concluded that Plaintiff stated a Title VII retaliation claim. Local 1422 argues:

> The Magistrate also declined to dismiss Plaintiff's retaliation claim against Local 1422 based solely on her general allegation that "multiple supervisors" retaliated against her. The amended complaint does not name these "supervisors" or otherwise described them. The amended complaint alleges no connection between Local 1422 and these individuals. Indeed, given that the Plaintiff specifically alleges that she was "employed by" SSA Cooper, and *she is unable to allege facts to support on inference that she was employed by Local 1422*, the only plausible inference is that her "supervisors" are agents of SSA, **not** Local 1422.

(Dkt. No. 65 at 9) (first emphasis added).

As explained above, however, the Court agrees with the Magistrate Judge that Plaintiff alleged plausibly that Local 1422 is her joint-employer. Therefore, the Court finds the amended complaint supports the inference that the "supervisors" who retaliated against Plaintiff were agents of Local 1422. The Court thus overrules Local 1422's third objection.

For the foregoing reasons, the Court therefore adopts in whole the remainder of the R & R, namely that portion denying Local 1422's motion to dismiss. (Dkt. No. 63 at 4-7).

## II.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 63) as the order of the Court, **GRANTS** Local 1771's motion to dismiss (Dkt. No. 53), and **DENIES** Local 1442's motion to dismiss (Dkt. No. 54).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

September 30, 2020
Charleston, South Carolina